UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2016 OCT 27 AM 10: 21

CLERK
BY _____
DEPUTY CLERK

BARBARA ERNST and BARBARA )
SUPENO, )
  )
  Plaintiffs, )
  )
v. ) Case No. 5:14-cv-59
  )
BARBARA CAROL KAUFFMAN, JEFF )
KAUFFMAN, JOHN CARRIGAN, LINDA )
CARRIGAN, and the TOWN OF )
ADDISON, )
  )
  Defendants. )

### DECISION ON MOTION FOR SANCTIONS AND MOTION TO ADOPT AMENDED SCHEDULING ORDER
(Docs. 280, 284)

This defamation case arises out of the distribution of an anonymous nine-page letter dated April 11, 2011 (the "Letter"). The principal claim has long been that Defendants distributed the Letter to numerous residents of the Town of Addison. (*See* Doc. 34, Am. Compl., ¶¶ 38–41.) In addition, however, Plaintiffs allege that Defendant Carol Kauffman read selections from the Letter to the Addison Town Selectboard at public meetings in June, July and August 2011. (*Id.* ¶ 42.)

**I.   Motion for Sanctions (Doc. 280)**

The allegations in paragraph 42 turned out to be incorrect. Selectboard meetings are recorded in Addison. Plaintiffs also made their own recordings. The parties now agree that these recordings demonstrate that Ms. Kauffman did not read selections from the Letter at the public meeting. This discovery came a little late in the legal process. Paragraph 42 provided the primary basis for a motion to strike the claims against the Kauffmans on the ground that Vermont's anti-SLAPP statute, 12 V.S.A. § 1041, protected them from a defamation action.

The court granted the motion in part. *Ernst v. Kauffman*, 50 F. Supp. 3d 553 (D. Vt. 2014). The Second Circuit dismissed the parties' interlocutory appeal for lack of appellate jurisdiction. *Ernst v. Carrigan*, 814 F.3d 116 (2d Cir. 2016).

The case returned to the District Court in March 2016. On May 10, 2016, Ms. Kauffman through counsel served Requests to Admit including a request to admit that Ms. Kauffman did not read from the Letter at the three Selectboard meetings. (Docs. 144, 280-1.) Plaintiffs responded to the requests to admit as follows: "Admit that Carol Kauffman did not specifically reference the April 11, 2011 defamation letter. However, Mrs. Kauffman made repeated statements concerning many of the issues raised in that letter." (Doc. 280-2.) Ms. Kauffman now seeks sanctions "incurred in proving the truth of the assertions in Defendant's previously filed Requests to Admit." (Doc. 280 at 1.)

The difficulty with Ms. Kauffman's motion is that she obtained the admission she sought. Plaintiffs admitted that she did not specifically reference the April 11, 2011 defamation letter. They did not deny it. By the time the attorneys from both sides finally reviewed the transcripts of the Selectboard meetings, there could be no doubt that—as Plaintiffs admitted—"Carol Kauffman did not specifically reference the April 11, 2011 defamation letter."

Instead, Ms. Kauffman through her counsel has two different complaints about Plaintiffs' conduct. She argues that Plaintiffs should never have alleged in their original and amended complaints that they were defamed at the Selectboard meetings. She contends that "[t]he entire allegation contained in paragraph 42 . . . is false in its entirety as it pertains to alleged statements made by Barbara 'Carol' Kauffman at these three [Selectboard] proceedings." (Doc. 280 at 3.) But a motion for sanctions under Rule 37(c)(2) addresses only a failure to admit. Rule 37

2

authorizes sanctions for discovery violations, not for false or mistaken allegations in the complaint.

Ms. Kauffman also identifies Plaintiffs' attempt to qualify their response to the request to admit as a basis for sanctions. It is true that Plaintiffs added qualifying language to their admission. They stated repeatedly in their responses that "However, Mrs. Kauffman made repeated statements concerning many of the issues raised in that letter." (Doc. 280-2.)

From the court's perspective, the request for admissions did its job. It established that Ms. Kauffman never read from the Letter at the Selectboard meetings. The qualification that Ms. Kauffman made other critical statements about Plaintiffs at the meetings is irrelevant since these are not alleged to be defamatory. Shortly after serving the responses to the requests to admit, Plaintiffs sought to withdraw all claims that Ms. Kauffman defamed them before the Selectboard. (Doc. 268.) The court granted the motion (Doc. 287), and the allegations of paragraph 42 are no longer part of the case.

The court denies the motion for sanctions because there was never a denial of the request to admit followed by its proof at trial or at some other stage of the case. Instead, there was an admission followed by a complete withdrawal of the allegation in the complaint which gave rise to the issue. That the admission was followed by a legally irrelevant qualification is not the equivalent of a denial. If Plaintiffs had not withdrawn the allegations about the Selectboard meetings, their admission alone, backed up with the transcript of the meeting, would have been sufficient to support a motion for summary judgment.

Because Defendant Carol Kauffman cannot demonstrate that her request to admit was met with a denial and that she then proved the matter to be true, she has no legal basis for

recovering sanctions under Fed. R. Civ. P. 37(c). The Motion for Sanctions (Doc. 280) is DENIED.

## II. Motion to Adopt Amended Scheduling Order (Doc. 284)

The court GRANTS the motion to amend the discovery schedule (Doc. 284) and has signed the proposed order. There is no need to foreclose further interrogatories on the basis of date alone. The issue of number of interrogatories is not before the court.

The court is acutely aware of the need to bring this highly emotional and contentious case to a trial or other just resolution as quickly as possible consistent with due process. It will be set for trial during the late spring or summer of 2017.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 27th day of October, 2016.

Geoffrey W. Crawford, Judge
United States District Court